UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE REYES HERNANDEZ, LEONIDAS REYES,
PAMELA REYES GENAO, YUEUDRY ORTIZ, and
EMELY REYES GENAO,

Index No.: 24-cv-7571-UA

**COMPLAINT**

Plaintiffs,

Plaintiffs Demand Trial by Jury

-against-

CITY OF NEW YORK, and
POLICE OFFICERS JOHN DOE #1-8,

Defendants.
------------------------------------------------------------------X

Plaintiffs JORGE REYES HERNANDEZ, LEONIDAS REYES, PAMELA REYES GENAO, YUEUDRY ORTIZ, and EMELY REYES GENAO, by and through their attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-8, upon information and belief allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs seek relief for the defendants' violation of their rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

## JURY TRIAL DEMAND

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff JORGE REYES HERNANDEZ is of full age and resides within the Eastern District of New York.

6. Plaintiff LEONIDAS REYES is of full age and resides within the Eastern District of New York.

7. Plaintiff PAMELA REYES GENAO is of full age and resides within the Eastern District of New York.

8. Plaintiff YEUDRY ORTIZ is of full age and resides within the Eastern District of New York.

9. Plaintiff EMELY REYES GENAO is of full age and resides within the Eastern District of New York.

10. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers.

Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

11. Defendants POLICE OFFICERS JOHN DOE #1-8 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the NYPD, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and NYPD , in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

12. On May 12, 2024, at approximately 2:00 A.M., plaintiffs were inside of their residence, located at 172-24 116th Avenue, in the County of Queens, when the defendant police officers began ringing their doorbell and violently banging on their front door.

13. Plaintiffs opened the door.

14. The defendant officers then rushed inside of the home without a warrant or any exigent circumstance that would justify their intrusion.

15. The defendants rounded up everyone in the house, including each of the plaintiffs, and removed them from the home.

16. Each of the plaintiff's was frisked and searched, including plaintiff EMELY REYES GENAO, who was in the shower at the time of the intrusion and covered in just a bath towel.

17. The defendants then stated to the plaintiffs that they were not free to leave and instructed them to remain in front of the house as they searched their home.

18. Each of the plaintiffs were forced to stand outside, in full view of their neighbors, while the police entered their home and conducted a search without a warrant or any legal justification.

19. After approximately fifteen minutes the defendant officers came outside and left without any explanation or apology.

20. At no time during the events described above did any of the plaintiffs commit any act that would justify the warrantless search of their home.

21. At all times during the events described above the plaintiffs were law abiding members of the community with upstanding reputations.

22. Due to the warrantless and illegal search of their home by the defendants, the plaintiffs did suffer the violation of their constitutional right to be free from unreasonable searches.

## AS FOR A FIRST CAUSE OF ACTION

***Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution As Against All Defendants for the Warrantless Intrusion and Unreasonable Search of Plaintiffs' Home***

23. Plaintiffs' repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

24. At all times relevant to this complaint, plaintiffs were lawfully present in their home.

25. At all times relevant to this complaint, defendants were employed by the City of New York and acting under color of law.

26. At all times relevant to this complaint, defendants lacked probable cause or any other legal basis for their warrantless intrusion into plaintiffs' home.

27. The acts and omissions of the defendants were committed with wanton and reckless disregard for the plaintiffs' constitutional rights and specifically their right to be free from unreasonable searches.

28. As a result of the defendants' wanton and illegal conduct, plaintiffs did suffer injury, including but not limited to the unreasonable search of their home and the public humiliation that ensued from having police officers remove them from their home in the middle of the night in full view of their neighbors.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability as against defendant CITY OF NEW YORK pursuant to 42 U.S.C. § 1983*

29. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30. The CITY OF NEW YORK directly caused the violation of the plaintiffs' constitutional rights and is liable for the damages suffered by them as a result of the conduct of the defendant police officers.

31. The conduct of the defendant police officers was a direct consequence of inadequate training and supervision of police officers by the defendant CITY OF NEW YORK and its agent, the New York Police Department.

32. At all times relevant to this complaint, defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for police officers to engage in warrantless intrusions and unreasonable searches of homes in flagrant violation of their sworn oath to uphold the Constitution.

33. At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage incidents of warrantless intrusions and unreasonable searches such as those which are described in this complaint.

34. As a result of the policies and customs of the CITY OF NEW YORK and its agent, the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

35. The wrongful policies, practices and customs complained of herein, demonstrate deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city. This deliberate indifference on the part of the City's policy makers is the direct and proximate cause of the constitutional violations complained of.

**WHEREFORE,** plaintiffs demand relief jointly and severally against all defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: October 7, 2024
     Brooklyn, NY                    By:        */s/Alexis G. Padilla*
                                                 Alexis G. Padilla [AP7400]
                                                 *Attorney for Plaintiffs*
                                                 378 Lewis Avenue #6
                                                 Brooklyn, NY 11233
                                                 Tel. 917 238 2993
                                                 alexpadilla722@gmail.com